UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD WITHERSPOON, ) | |
| ) | Case No. 23-cv-03380 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| PEOPLE OF THE STATE OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On May 30, 2023, pro se plaintiff Gerald Witherspoon filed a petition in this Court to remove his state court case to federal court. After screening plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses the lawsuit with prejudice and denies his application for leave to proceed in forma pauperis [3].

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court can review a pro se plaintiff's claims to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Jones v. Bock*, 549 U.S.C. 199, 214, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (grounds for sua sponte dismissal set forth in 28 U.S.C. § 1915(e)(2)(B)). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *United States v. Wahi*, 850 F.3d 296, 299 (7th Cir. 2017) (citation omitted).

**Discussion**

Since Witherspoon proceeds pro se, the Court will construe his complaint liberally. *See Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020). Witherspoon's petition raises two issues: first, whether his state court criminal case can be removed to federal court; and second,

whether the state court's actions violated his constitutional rights. Witherspoon explains that he was charged with several violations of Illinois law in state court. According to Witherspoon, his public defender did not review discovery with him or file pretrial motions on his behalf. Witherspoon requested to proceed pro se and to speak with the state court judge about his issues with counsel, but the judge allegedly refused to speak with him (although the judge granted his petition to proceed pro se). Witherspoon alleges that on March 27, 2023, he filed a pretrial petition challenging the constitutionality of his arrest based on a bare bones affidavit. He claims that the state court violated his fair trial rights and that he faces irreparable harm as a result.

It is unclear to the Court whether Witherspoon seeks to remove his state court criminal case to federal court, challenge the state court's decisions in federal court (likely under § 1983), or both. Nevertheless, the Court must dismiss his complaint on either basis. Witherspoon cites 28 U.S.C. § 1441 and 28 U.S.C. § 1446 as a basis for removal, but neither provide the Court with jurisdiction over his state court criminal case. *See* 28 U.S.C. § 1441 (outlining criterion for removal of civil actions to federal court); *see* 28 U.S.C. § 1446 (outlining procedure for removing civil actions). Reading Witherspoon's complaint to request removal under statutes which permit removal of criminal actions, he also does not have a basis to remove his criminal case to federal court because he is not a federal officer nor member of the armed forces, *see* 28 U.S.C. §§ 1442, 1442a (permitting removal of criminal prosecutions against officers and members of the armed forces), nor alleges violations of "any law providing for the equal rights of citizen" which serve to protect racial equality, *see* 28 U.S.C. § 1443; *Zaun v. State of Illinois*, No. 90 C 4857, 1990 WL 171648, at *2 (N.D. Ill. Oct. 24, 1990) (Grady, J.). Because the Court does not see a basis for removal, the Court dismisses Witherspoon's petition. *See El v. Illinois*, No. 19-cv-6239, 2019 WL 13265317, at *2 (N.D. Ill. Oct. 3, 2019) (Dow, J.) (finding pro se plaintiff was not eligible to remove his criminal case); *Illinois v. Sadder-*

*Bey*, No. 17-cv-4999, 2017 WL 2987159, at *2–3 (N.D. Ill. July 13, 2017) (Durkin, J.) (finding that due process violations do not ordinarily meet § 1443's requirements).

The Court similarly dismisses Witherspoon's complaint to the extent it states a § 1983 claim. The *Rooker-Feldman* doctrine bars Witherspoon's claim because it makes clear that federal courts cannot review challenges to state court judgments. *Mains v. Citybank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) (discussing how the *Rooker-Feldman* doctrine "prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced"); *Harold v. Steel*, 773 F.3d 884, 887 (7th Cir. 2014) (discussing how most state court substantive decisions cannot be reviewed in federal court). Furthermore, to the extent Witherspoon seeks to enjoin the underlying state court prosecution, *Younger v. Harris*, 401 U.S. 37 (1971), mandates that this Court refrain from exercising jurisdiction over the case. *See, e.g., Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018). Therefore, the Court dismisses Witherspoon's lawsuit with prejudice as it lacks jurisdiction over the matter. Witherspoon's application for leave to proceed in forma pauperis is also denied.

**IT IS SO ORDERED.**

Date: 6/9/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge